**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CORNELIUS PEOPLES**                                          **PLAINTIFF**

**VS.**                    **CIVIL ACTION NO.: 4:13CV- 00080-GHD-JMV**

**LEFLORE COUNTY and
DEPUTY DWIGHT McCASKILL , IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES**         **DEFENDANTS**

**AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW Plaintiff Cornelius Peoples (hereinafter Plaintiff), by and through his attorneys of record, and files this, his AMENDED COMPLAINT, and would allege the following:

PARTIES

1. Plaintiff is an adult resident citizen of Mississippi, residing at 506 Quinn Place, Greenwood, Mississippi 38930.

2. Defendant Leflore County (hereinafter Defendant Leflore) is a county entity that may be served with process by service upon Sam Abraham, Chancery Clerk, at the office of the Chancery Clerk, located at P. O. Box 250, Greenwood, Mississippi 38935.

3. Defendant Deputy Dwight McCaskill (hereinafter Defendant McCaskill) is an adult resident citizen of Mississippi, employed with Leflore County Sheriff's Department, and can be served with process at 3600 County Road 540, Greenwood, Mississippi 38930.

## EXHIBIT "A"

### JURISDICTION

4. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended, in that this cause of action is not made exclusively cognizable in some other Court by either the Constitution or the laws of this state.

5. This court has in personam jurisdiction over the Defendants in that all defendants are domiciled in Mississippi.

### VENUE

6. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Leflore County, Mississippi.

### UNDERLYING FACTS

7. On or about November 2, 2012, Plaintiff was at the Crosstown Complex, located in Greenwood, Mississippi.

8. While Plaintiff was on the premises of Crosstown, Defendants entered the building and ordered everyone to the ground.

9. Plaintiff complied with the Defendants' orders.

10. While handcuffed, Plaintiff was attacked by Defendant McCaskill, who ordered Plaintiff to stand up, and threw Plaintiff to the ground when he refused to have his picture taken by an unidentified woman.

11. Plaintiff sustained dizziness, injuries to his right shoulder and head, and contusions to his chest and back.

12. As a result, Plaintiff sustained injuries.

## COUNT ONE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

13. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

14. The Plaintiff alleges that the Defendants, with reckless disregard, inflicted extreme emotional distress upon Plaintiff's mind, spirit, and body. By condoning and/or ratifying the acts of the deputy involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

15. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of Plaintiff.

16. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT TWO
## CIVIL ASSAULT AND BATTERY

17. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

18. The Defendants are liable for civil assault and battery. The Plaintiff alleges that the aforementioned Defendants, with reckless disregard, inflicted physical pain upon Plaintiff, by severely beating him, causing bruises, swelling, and contusions to his person. The aforementioned Defendants have caused Plaintiff to suffer

from emotional problems and mental anxiety, as well as, bodily pain and suffering.

19. The reprehensible acts of the Defendants demonstrate reckless disregard for the safety and well-being of Plaintiff, who was not engaged in criminal activity at the time of his injuries

20. As a direct and proximate result of aforementioned Defendants' acts of reckless disregard, Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al

21. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

22. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

23. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT FOUR
## EXCESSIVE FORCE

24. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

25. Plaintiff would show unto the Court that the Defendants took actions to deprive Plaintiff of his Fourth Amendment protection against excessive force.

## PRAYER FOR APPROPRIATE RELIEF

26.  Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

27.  As a result of the acts of reckless disregard of the Defendants named herein, Plaintiff has suffered severe damages for which the Defendants should be held jointly and vicariously liable.

28.  All Defendants are jointly and severally liable to the Plaintiff for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, lost wages, loss of wage earning capacity, and all other damages to be proved at trial.

29.  The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the acts of reckless disregard, for an amount to be determined by this Court.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants: compensatory damages, any and all damages allowed by Mississippi or federal law, attorney's fees, and all costs of this proceeding, with such final amount being at least $500,000.00, or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act or federal law, plus any recovery to be determined by a jury or finder of fact, and allowed under any applicable state laws and guidelines.

This the 2nd day of May, 2013.

                                                      RESPECTFULLY SUBMITTED,
                                                      CORNELIUS PEOPLES, PLAINTIFF

                                                      /s Tangala L. Hollis
                       By:   _____
                                                      CARLOS E. MOORE, MSB #100685
                                                      TANGALA L. HOLLIS, MSB#103301
                                                      COUNSEL FOR PLAINTIFF

OF COUNSEL:
**MOORE LAW OFFICE, PLLC**
1155 S. Martin Luther King, Jr. Blvd.
P.O. BOX 1487
GRENADA, MS 38902
(662)227-9940 (PHONE)
(662)227-9941(FAX)


## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that on May 2, 2013 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

     Gary E. Friedman, Esq.
     Jason T. Marsh, Esq.
     PHELPS DUBAR LLP
     P.O. Box 16114
     Jackson, MS 39235-6114

     THIS, the 2nd day of May, 2013.

                                                          /s Tangala L. Hollis
                                                          _____
                                                          Carlos E. Moore, Esq.
                                                          Tangala L. Hollis. Esq.